# CIRCUIT COURT OF THE CITY OF RICHMOND

Alyssa Chalifoux

v.

Radiology Associates
of Richmond, Inc., et al.

October 1, 2009

Case No. CL07-4916-1

BY JUDGE C. N. JENKINS, JR.

This matter came before the Court on Defendants' Plea in Bar of the Statute of Limitations at a hearing on August 17, 2009. Defendants moved the Court to dismiss the case pursuant to the applicable statute of limitations. This medical malpractice action arose from a neurologist's referral of the Plaintiff to the Defendant on five separate occasions. Plaintiff alleged that the Defendants negligently performed and interpreted various radiological studies from December 2002 to October 2005. Plaintiff further alleged that, during this timeframe, she exhibited symptoms consistent with a tumor in the trigeminal nerve of the brain on the right side of her face.

After considering the record, argument of counsel, and the legal memoranda filed by the parties, the Court sustained Defendants' Plea of the Statute of Limitations, finding that the Defendants' treatments of Plaintiff were single, isolated acts which do not toll the statute of limitations under the continuous treatment rule. The Court dismissed the case with prejudice.

The statute of limitation for personal injuries is two years and accrues when the plaintiff is injured. Va. Code § 8.01-243(A). Virginia holds the continuous treatment rule as an exception to the two-year limitation. Under the continuous treatment rule, the injury occurs "when the improper course of examination, and treatment if any, for the particular malady terminates." *Farley v. Goode*, 219 Va. 969, 976 (1979).

The continuous treatment rule does not apply simply to a continuation of the physician-patient relationship. *Id.* The rule's purpose is to allow a physician reasonable time and opportunity to correct mistakes made in the midst of effecting a cure. *Grubbs v. Rawls*, 235 Va. 607, 611-12 (1988). The rule is not applicable "where the malpractice complained of constitutes a single, isolated act." *Farley*, 219 Va. at 980. Application of the rule requires continuing diagnosis and treatment for the same or related illnesses or injuries after the alleged acts of malpractice." *Id.* at 976.

The Court considered numerous decisions from Virginia courts, as well as *Castillo v. Emergency Medicine Associates, P.A.*, 372 F.3d 643 (4th Cir 2004). In that case, the United States Court of Appeals for the Fourth Circuit analyzed numerous Virginia cases and applied Virginia law regarding the continuous treatment doctrine to a matter involving an emergency room physician. However, no controlling authority exists in Virginia concerning the continuing treatment doctrine with respect to radiologists. Thus, the Court was guided in its decision with persuasive authority that it will discuss below.

In *Hollingsworth v. Shenandoah Medical Imaging, Inc.*, 38 Va. Cir. 324 (City of Winchester 1996), a patient's obstetrician referred her to a radiologists for a mammogram on June 4, 1990. The radiologist interpreted the films and found no evidence of malignancy and recommended a follow-up in one year. On October 7, 1991, the obstetrician ordered a second mammogram and the mammogram was sent to the same radiology group for interpretation. On this occasion, a different radiologist interpreted the films and ordered a biopsy, which revealed an invasive carcinoma. The patient filed suit in September 1993 and argued that the first radiologist's review of her films was negligent and that the continuing treatment doctrine applied. The City of Winchester Circuit Court held that the continuing treatment rule did not apply because the physician's two radiology readings were single, isolated acts.

The Court was also guided by the persuasive authority of *Baker v. Radiology Associates, P.A.*, 72 Ark. App. 193, 35 S.W.3d 354 (2000). In *Baker*, the Arkansas Court of Appeals held that the continuous treatment rule, which is similar to Virginia's rule, was not applicable against radiologists who conducted nine separate mammograms on the plaintiff over a period of years. The plaintiff in *Baker* sought the exception of the continuous treatment rule. However, the Arkansas Court of Appeals determined that the plaintiff alleged a series of separate and distinct wrongs even though the mammograms were viewed in conjunction with previous mammograms to determine if a change had occurred. *Id.* at 200, 359. There was no indication that the radiologists were engaged in any active consultation with the referring physician or in the ongoing treatment of the plaintiff for any specific condition.

In accord with *Baker*, the duties and responsibilities of a radiologist, in general and in this case, makes it such that the continuous treatment rule is inapplicable. The Court finds that a comparison of test results suggest adherence to appropriate diagnostic procedure, rather than an assumption of ongoing treatment. *See Baker* at 200-01, 359. The treatment offered by the radiologist in the instant case terminated after Defendants produced their reports and sent those reports to the Plaintiff's clinical physician. Defendant was under no duty to "follow-up" with the patient at a later date, as it treated Plaintiff only upon the referral of her clinical physician.

There exists a June 1, 2001, order by then Judge Millette of Prince William County Circuit Court, which denied Virginia Radiology Associates' plea of statute of limitations based on the continuous treatment doctrine. However, Judge Millette's order lacks a recitation of the facts upon which the court can rely.

For these reasons, the Court sustains Defendants' Plea of the Statute of Limitations and the case is dismissed with prejudice.